# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GARCIA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>F. FOULK, Warden,<br><br>　　　　　Respondent. | Case No. 1:14-cv-00461-AWI-SKO  HC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COURT DENY THE PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner claims ineffective assistance of trial counsel arising from counsel's failure to file a timely notice of appeal on Petitioner's behalf.  The procedural status of this case, however, makes the claim much more complex.  The California Court of Appeal subsequently granted a writ of habeas corpus to permit Petitioner to file a late notice of appeal, but Petitioner himself never filed a notice of appeal.  Because Petitioner's inaction superseded the trial attorney's ineffective assistance, the undersigned recommends that the Court deny habeas relief.

## I.    Procedural Background[1]

On March 20, 2012, after ten days of trial in the California Superior Court for the County of Kings, Petitioner pleaded guilty to one count of voluntary manslaughter contrary to California Penal

---

[1] The following information is derived from the pleadings in this case and from state court records lodged by Respondent with his response.

1

Code § 192(A). On May 30, 2012, the Superior Court imposed a twenty-nine year term of imprisonment. Petitioner did not file a direct appeal within the statutory time period.

On June 25, 2012, in Kings County Superior Court, Petitioner filed a petition for writ of habeas corpus asserting the following grounds for relief:

> 1. During my trial there was a lot of maliciou[s] conduct and inadmissible evidence presented to the jury that my attorney never objected to, A lot of fabrication as well.
>
> 2. Has to do with "prejudice" from the judge Mr. Barnes in department 2.

Lodged document 1.

Petitioner sought to withdraw his plea.

On July 17, 2012, Petitioner filed an untimely notice of appeal, in which he contended that defense counsel provided ineffective assistance and the district attorney presented false evidence.

On August 27, 2012, the California Court of Appeals for the Fifth Appellate District denied the habeas petition as to those issues that could have been raised in a timely direct appeal. It rejected Petitioner's claim of ineffective assistance of counsel, concluding that Petitioner's claims were "insufficient to establish anything more than a difference of opinion between him and his appointed counsel regarding trial tactics." Lodged document 2.

On September 18, 2012, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeals in which he requested leave to file a notice of appeal more than sixty days after sentencing. On January 16, 2013, the appellate court granted Petitioner leave to file a notice of appeal on or before February 11, 2013. Petitioner never filed the notice of appeal.

On April 25, 2013, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. He raised three grounds: (1) his trial attorney failed to file a notice of appeal despite Petitioner's request that he do so; (2) the trial court fabricated physical evidence; and (3) officers lied under oath. The California Supreme Court summarily denied the petition on July 10, 2013.

///

On August 29, 2013, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, contending he was entitled to relief (that is, late filing of a direct appeal) under the constructive filing doctrine. The Court of Appeals denied the petition, stating:

> In an opinion filed on January 16, 2013, this court granted petitioner leave to file a notice of appeal on or before February 11, 2013. (*In re Miguel Garcia*, F065733.) Petitioner failed to file a notice of appeal on or before February 11, 2013. Petitioner has failed to make an adequate showing that he is entitled to relief under the constructive filing doctrine, that is, that he relied on an affirmative representation of counsel to file a timely notice of appeal on his behalf.

Lodged document 8.

On March 19, 2014, Petitioner filed a federal petition for writ of habeas corpus under 28 U.S.C. § 2254 in the Central District of California. His sole ground for relief is that because his trial attorney failed to file a notice of appeal despite Petitioner's request, the California court erred in holding that his motion to file a late appeal constituted procedural default. The Central District Court transferred the petition to this Court on March 27, 2014.

## II.     **Standard of Review**

Habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the merits of a guilty verdict rendered in state court. *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring). Habeas corpus relief is intended to address only "extreme malfunctions" in state criminal justice proceedings. *Id.* Under AEDPA, a petitioner can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

///

3

"By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

As a threshold matter, a federal court must first determine what constitutes "clearly established Federal law, as determined by the Supreme Court of the United States." *Lockyer*, 538 U.S. at 71.  To do so, the Court must look to the holdings, as opposed to the dicta, of the Supreme Court's decisions at the time of the relevant state-court decision.  *Id.*  The court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Id.* at 72.  The state court need not have cited clearly established Supreme Court precedent; it is sufficient that neither the reasoning nor the result of the state court contradicts it.  *Early v. Packer*, 537 U.S. 3, 8 (2002).  The federal court must apply the presumption that state courts know and follow the law.  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).  The petitioner has the burden of establishing that the decision of the state court is contrary to, or involved an unreasonable application of, United States Supreme Court precedent.  *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).

The AEDPA standard is difficult to satisfy since even a strong case for relief does not demonstrate that the state court's determination was unreasonable.  *Harrington*, 562 U.S. at 102.  "A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Lockyer*, 538 U.S. at 75-76.  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

///

///

4

### III. Ineffective Assistance of Counsel

Petitioner contends that he received ineffective assistance of counsel because his trial attorney failed to file a timely notice of direct appeal even though Petitioner asked him to do so.

The purpose of the Sixth Amendment right to counsel is to ensure that the defendant receives a fair trial. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "[T]he right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his trial counsel's performance "fell below an objective standard of reasonableness" at the time of trial and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. The *Strickland* test requires Petitioner to establish two elements: (1) his attorneys' representation was deficient and (2) prejudice. Both elements are mixed questions of law and fact. *Id.* at 698.

These elements need not be considered in order. *Id.* at 697. "The object of an ineffectiveness claim is not to grade counsel's performance." *Id.* If a court can resolve an ineffectiveness claim by finding a lack of prejudice, it need not consider whether counsel's performance was deficient. *Id.* Under *Strickland* and *Rodriguez v. United States*, 395 U.S. 327, 330 (1969), courts may assume prejudice when trial counsel fails to file a notice of appeal. *Canales v. Roe*, 151 F.3d 1226, 1229 (9th Cir. 1998).

In its January 14, 2013, opinion, the California Court of Appeals granted habeas relief (Petitioner's September 18, 2012 petition) based on the failure of Petitioner's trial attorney to file a notice of appeal as Petitioner requested:

///

5

> Although a criminal defendant has the burden of filing a notice of appeal, the burden may be delegated to trial counsel. (*In re Fountain* (1977) 74 Cal.App.3d 715, 719.) "A criminal defendant seeking relief from his default in failing to file a timely notice of appeal is entitled to such relief, absent waiver or estoppel due to delay, if he made a timely request of his trial attorney to file a notice of appeal, thereby placing the attorney under a duty to file it, instruct the defendant how to file it, or secure other counsel for him [citation]; or if the attorney made a timely promise to file a notice of appeal, thereby invoking reasonable reliance on the part of the defendant [citation]." (*People v. Sanchez* (1969) 1 Cal.3d 496, 500.)

Doc. 34 at 5.

Inexplicably, Petitioner failed to file a notice of appeal within the time period that the Court of Appeals provided to him.

In *Canales*, as here, the question is "the relationship between [trial] counsel's failure to file the notice and the ultimate loss of [the petitioner's] appeal rights." 151 F.3d at 1230. "The question is really whether counsel's failure to timely file is what deprived [the petitioner] of his appeal in the courts of California." *Id.* Canales lost his right to appeal by failing to seek relief from the California Court of Appeals for over 18 months even though he was repeatedly informed of his right to petition the appellate court for such relief. *Id.* at 1231. Here, Petitioner sought relief from the California Court of Appeals, then failed to file the notice of appeal within the time period in which his right to appeal was reinstated. Like Canales, Petitioner initially lost his right to appeal by his trial attorney's ineffective assistance, but ultimately lost it again through his own failure to act after the California Court of Appeals reopened a time period in which he could file a notice of appeal.

When a defendant fails to follow the path to relief mapped out for him by the state court, "it cannot be said that inadequate performance by counsel denied him the right to an appeal." *Id.* at 1230. In such cases, a defendant's loss of his appeal rights arises not from counsel's original error but from his own failure to timely pursue his appeal rights after the state court reinstated them to allow late filing of a notice of appeal. *Id.* at 1231. In its January 10, 2014, order denying the August 29, 2013, petition for writ of habeas corpus, the California Court of Appeals rejected Petitioner's

///

6

claim for relief under the constructive filing doctrine, explaining that Petitioner "failed to file a notice of appeal on or before February 11, 2013," and "failed to make an adequate showing . . . that he relied on an affirmative representation of counsel to file a timely notice of appeal on his behalf." Lodged document 8.  The state court's conclusion was a reasonable application of federal law.

### IV.    Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>        (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>        (B)  the final order in a proceeding under section 2255.
>
>     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>     (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

///

7

further."  *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part."  *Miller-El*, 537 U.S. at 338.

In the present case, reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the undersigned recommends that Court decline to issue a certificate of appealability.

## V.     **Conclusion and Recommendation**

Although the California court provided Petitioner an opportunity to file a late notice of appeal following his trial attorney's failure to file timely notice, Petitioner did not file a notice of appeal within the time provided.  As a result, the ultimate loss of Petitioner's right to appeal resulted from Petitioner's own inaction.  The undersigned recommends that the Court (1) deny the Petition for writ of habeas corpus, (2) decline to issue a certificate of appealability, and (3) order judgment for Respondent.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections.  The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's

///

///

8

order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 27, 2015**                              **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE

9